Good afternoon. May it please the court. Lindsay Barnhart on behalf of Petitioner. I'm going to try to save two minutes for rebuttal. There are two independent and the time showing is your total time remaining. Yes, Your Honor. Thank you. There are two independent and dispositive grounds on which this court should grant the petition. First, with respect to the denial of equitable tolling of the deadline to file the motion to reopen, the board imposed a heightened evidentiary standard that was contrary to law and a violation of Petitioner's due process. The board denied equitable tolling because Petitioner did not present one specific piece of evidence. A medical evaluation indicating that the bullet shards that have been lodged in Petitioner's skull for nearly 20 years have led to a cognitive disability. But according to the board's own precedent in matter of MAM, such evidence is not necessary to show cognitive disability. Under matter of MAM, indicia of incompetency can include a wide variety of observations and evidence, including affidavits or testimony from friends or family demonstrating a disability, which is precisely the evidence presented by Petitioner here. Ms. Barnhart, is your argument that this was a heightened evidentiary standard based on your conclusion that the BIA was requiring diagnosis or medical evaluation? Yes, Your Honor. The way that we read the board's decision is the board found that there were no cognitive deficiencies demonstrated because of the absence of the medical evaluation. The board also disregarded the affidavits that Petitioner presented, so not only did the board require a piece of evidence that was not required under its own rules, but it also disregarded affidavits submitted with the petition demonstrating the cognitive deficiencies. Didn't the board, I mean, the board has to determine whether the Petitioner exercised due diligence. In this case, he's alleging he received ineffective assistance of counsel. And so the board is looking to see if he exercised due diligence to determine that or discover that claim as an excuse for being untimely because the petition is untimely. It's like four and a half years untimely. The board didn't resolve, as I understand it, the merits of the ineffective assistance of counsel claim. But it seems to me that the board went through various factors and concluded that he was capable of understanding, given other conduct and other things that he did. So why is it, you know, your argument that the board made a comment about, you know, these other things happened, and by the way, he also didn't, he didn't give us a diagnosis or an evaluation. Why does that mean that's some sort of heightened evidentiary standard rather than the board weighing through a number of factors and coming to a conclusion? So, Your Honor, if we can turn into the board's decision, the finding that petitioner does not have cognitive deficiencies was based on, one, the lack of a medical evaluation. And then, as Your Honor notes, there's one last sentence that says the record reflects that the respondent understood the import of the board's decision and subsequently consulted with attorneys. There's no evidence cited there for that sentence. And in fact, the record does not show that the respondent ever understood his ineffective assistance of counsel claim, which is exactly, that's the claim that is relevant here with the motion to reopen. But the petitioner said, I knew something was wrong when I lost, when I received the order. He acknowledged receiving the order, and I wanted to get another lawyer. He knew he needed to look for a different lawyer. And he did obtain another lawyer and filed a timely petition in this court within 30 days. And then things unfolded where he couldn't pay that lawyer. But doesn't that support, aren't those facts that support what the BIA concluded? I mean, isn't that substantial evidence, or rather, evidence that would mean they weren't abusing their discretion? So under this court's Abigayon and Mejia-Hernandez cases, the mere knowledge that the petitioner lost and pursued an appeal is not equivalent to knowledge or reason to suspect that there was ineffective assistance. A little different, where he said he knew he needed a different lawyer? No, Your Honor, the problem was not, he knew he needed a different lawyer, because he knew his original lawyer couldn't represent him for the appeal. So that's, he went back to the same law firm, or purported law firm, and another lawyer at that law firm represented him. And then following that, in the appeal to the Ninth Circuit, he did find another appeal. And that's because he just wasn't in contact with anybody at the previous law firm. Nobody reached out to him to even let him know that he had lost. But if I can, if I can, I mean, what is diligence here? I mean, he retained another lawyer within 30 days, he received the order, he knew that he needed another lawyer, he said that. And then he went through a series of trying to obtain other lawyers and had financial difficulties. Four and a half years later, and he did not submit a case for profiling. That piece of evidence, which was in another one of the cases he cited, is not here. So where's the cutoff? What, what, is there anything that's required to show diligence? Yes, Your Honor. So the problem, it all comes back to the cognitive deficiencies issue, because the assessment of diligence, the diligence analysis has to be undertaken in light of the cognitive deficiencies, in light of the petitioner's case-specific circumstances. That's the Avellón case that holds that. So it's not, it's not an objective diligence standard. I understand what you're saying. And there is evidence here that the petitioner provided medical records, I think they were x-rays or scans of some sort, I can't remember, I think they may have been x-rays, to his counsel without counsel asking because he thought they would be helpful. And now I cited that the petitioner was functioning and participating in his, his case. As opposed, you know, I mean, it seems to me what happened is the BIA weighed the evidence and reached a different conclusion than you reach. But that doesn't make it an abuse of discretion. Well, there's another issue with the BIA's weighing of the evidence. And that is the fact that the BIA didn't even consider certain evidence. So in the section of the opinion that is the ruling that's that's addressing this issue, the BIA only cites two medical records that the petitioner presented. And then the BIA notes that there's no medical evaluation. The BIA also notes the conduct of petitioner as you've noted, but, but the board never cites to the affidavit that petitioner presented from himself, and his wife and his mother and his son, all attesting to the severe cognitive deficiencies that he has. It's just it's simply not reflected in the ruling below that it was ever considered that in and of itself is cause to remand if the board simply disregards material evidence favorable to the petitioner's position. Okay, so material, that's a key word there. Do these declarations at any point say he's he wasn't capable of understanding the proceedings, he wasn't representation, or anything like that? I recall them saying things along the lines of get some memory lapses and things of that nature. But I don't recall them saying more. And I could just be misremembering the record because there's a lot of cases to hear in one week. So do they say more? I mean, did they say things that would specifically indicate he wasn't confident and he couldn't exercise due diligence? Yes, Your Honor, I'll answer your question and reserve the rest for AR 408. The petitioner attests that he didn't understand why he had lost his case before the immigration court. He was confused. There's a sworn affidavit from current counsel stating that petitioner is not able to participate in his representation because of his cognitive deficiencies. He still doesn't truly understand what's going on in the case. There's sworn affidavits from himself and his wife talking about how he is easily confused in a day-to-day basis, but also at work. He can't understand simple things and things have to be explained to him over and over before he understands. So specific to Your Honor's question about whether he can actively participate in his representation, that side is at AR 564 that he cannot fully participate because of the cognitive deficiencies. I'll reserve the rest. The shooting occurred when? What was the date when he was shot? 2002, June 2002. And that was before his first hearing with the IJ and the BIA. Is that correct? Correct. That's correct. Thank you. I'll reserve the rest of my time. We'll give you a minute for rebuttal. We'll hear from the government. Good afternoon, Your Honors, and may it please the court. My name is Monica Twombly, appearing on behalf of the respondent in this case, the United States Attorney General. I agree with Petitioner that this case involves two primary issues, where the first being whether the petitioner had exercised due diligence in pursuing his immigration case following the board's denial of his 2017. And then the second being whether he had shown that country conditions have changed in El Salvador, such that he was now prima facie eligible for asylum withholding and child protection. The court's permission, I'd like to discuss the diligence issue first. There's no doubt here that Petitioner filed an untimely motion to reopen. He filed his motion to reopen on ineffective assistance of counsel three years after this court denied his petition for denied his appeal. The question here is whether his attempts to retain counsel amounted to due diligence, and also whether those mental impairments that he claimed in his written statements, such as dizziness, difficulty understanding concepts and memory loss issues, prevented him from obtaining the vital information bearing on his claim, meaning the ineffective assistance of his counsel. And the common thread in this court's precedent related to diligence issues is usually a reliance on some intervening factor. And for example, Petitioner cites Mejia Fernandez and the intervening factor in that case was a reliance on representation by a notario who had advised him to wait for seven years, while a NACAR application had been pending for his wife. And so the court found that that was a reasonable reliance. It was a long period of time, but it was reasonable under the circumstances. Similar, Garamani, where Garamani, the Petitioner specifically states that he had no idea that his prior counsel had provided an effective assistance until he consulted with his final attorney. That's despite having talked to or having routine, having routine to intervening counsels and finding, filing subsequent motions with the board. We just don't have those circumstances here, but it ultimately comes. Excuse me, counsel. His first counsel walked out on him, just left, right? No, Your Honor. Well, I don't think so. After the first hearing, I thought that the lawyer left and he went and got a different lawyer for the appeal. Is that correct on that? I'm not sure that characterizing it as a left, because the first attorney, the law over the work, he got another lawyer for the appeal. Then there's a lapse of time. And the argument is that he was impaired and didn't know that he had a right to claim the ineffectiveness of his counsel. Now, why is that different from the other cases? We don't have an affirmative statement, as the court had in under Garamani, that petitioner specifically stated he didn't know that his prior counsel had provided an effective assistance. In fact, what we have here are three separate affidavits stating that recalling various points in time during the merits and during the appeal, where he seems to recognize that counsel didn't represent him adequately. And at the moment that he received the board's order in 2013, he definitively says, I got the paper and I decided I needed to find a different attorney. And this is all based on his statements that prior counsel didn't explain anything to him and failed to represent him at multiple times throughout the proceedings between the merits and the asylum appeal before the board. And we just don't have that assertion here. Your Honor, is there another question? Our law says that the lawyer must make an affirmative misrepresentation before he can claim ineffective assistance? No, Your Honor, but the issue is whether he relied on some sort of intervening event. And in this case, what we have is petitioner's assertions that he recognized all these problems with the prior representation. He decided to retain another counsel to represent him before this court in 2013. So he's showing that he recognized that there was at least some problem with the representation that he had at the board appeal and at the merits. And then he proceeded to hire his third attorney, Mr. Rodriguez Choi, to represent him and file a petition for review before this court. And the reason why he didn't continue with that case was that he said that he no longer had the funds to continue with that case. And again, you know, following the denial of the petition for review in this court, petitioner says that he attempted to go speak to pro bono counsel because his issue was really the funding of attorney representation. The issue was not as much the inability to understand and as the board noted, his behavior at the merits and during the merits proceeding and following the board appeal, where he clearly understood as the as the board stated at the import of the board's decision denying his appeal. And that's not to say that he understood the legal points. He doesn't necessarily have to understand the specific legal points of why his case was denied. But the issue here is that he he clearly understood that the merits was that he was his asylum application was denied on the merits. He understood that his board appeal was denied. And at that moment, he decided that he needed to find another attorney. And he says this on page 132. Following that realization, petitioner essentially takes no further action beyond trying to find an attorney for low cost or pro bono representation. And unfortunately, that just doesn't amount to diligence. I mean, there's petitioner had not retained another attorney, he hadn't relied on the assertions of any attorney. And for example, as this as this court found him Bonilla versus Lynch. You know, in that case, there was an actual assertion by an intervening attorney, where the petitioner had spoken to pro bono counsel, and that person disposably told him there's nothing else to do in your case, wait a few years. And this court found that when he was waiting for six years on the assumption that there was nothing else to do in his case, wasn't reasonable because he hadn't shown any evidence of any kind of continuing relationship with that attorney. Here, what we have is the petitioner's explanation that he saw many different attorneys, and that he was searching for an attorney without for low cost, but he doesn't explain how many he saw. He doesn't explain who he saw or their affiliation. And so he just did the question here is really a burden of proof issue. And as the board noted, his reliance on his cognitive issues, even if taken as true, what we have is evidence of petitioner statements stating that he has dizziness problems, has memory lapse problems, and he has trouble understanding. But these assertions are in con yes. I'm sorry, I was trying to wait for you to take a breath and you didn't. So what's your response to opposing counsel's argument that the BIA did not incapability? Well, Your Honor, I think that there is something to say that the board doesn't appear to comment as much the board does cite all of the medical evidence that he provided. And so, you know, at the end of the day, medical evidence is probably the more persuasive evidence of proof of any kind of mental disability. And as the board noted, he didn't provide a diagnosis. He did provide all this evidence. Where in the BIA opinion did the board discuss the evidence, the declarations and the other evidence that was presented regarding his mental difficulties? The board does discuss his declarations in respect to supporting its own decision. The board states that... What language in the board decision are you relying upon to support your position that the board considered those declarations? Well, the board states at the at the final portion that the record reflects that he understood the import of the board's decision. The board cites back to his actions following his his the denial of the board's appeal in in respect to the mental disability and whether it prevented him from obtaining the vital information relative to his claim. And that's not discussing the declarations from this family, which delineate his mental difficulties. No, Your Honor, and I agree, the board did not discuss those specific issues. It would be prudent to remand for the board to consider all of the evidence instead of relying on the absence of a medical diagnosis. Your Honor, I see that my time has expired. So if I may, if I may answer the question and then conclude. The board found ultimately in the balance that he had not shown diligence based on his own account of what occurred after the board's denial of his appeal. And so remanding for the purpose of considering the dizziness issue and the failure to understand the board had to, by necessity, even though the board didn't say so, the board had to consider that in considering his actions following the board's denial. And so I think that has to advise us. It has to, in its opinion, tell us how it considered all the evidence. And it's just not here. This is just that I don't have the board's decision in front of me. I can't lay my hands on it right now. But does the board include the language that they considered everything that was sometimes frequently they have this language and we have case law that says when they say that, then we have to accept that. I didn't see that language. I don't remember if it's there. I'm that's what I'm asking counsel. Additional evidence regarding the head injury he received has not provided a medical evaluation. It does not say we have considered all of the evidence that was submitted. Yes, Your Honor, that's a counsel. Yes, Your Honor, that's accurate. Does it? No, I agree with you that the board didn't explicitly say that it considered all evidence before it, but the board does cite back to his own written statements regarding the actions that he took following the board's denial and compares that with his statement that he has a cognitive disability. I'm not quite sure how much longer I should take this, given that we're two  That's fine. Are there any other questions from the panel for the government? All right. Thank you, counsel. Thank you. One minute for rebuttal. Thank you. On that last point, just to note again that the board says the respondent has proffered additional evidence regarding the head injury, but again, the specific evidence cited by the board following that sentence is just the medical records, not the affidavits attesting to the cognitive deficiencies associated with that head injury. And those affidavits established contrary to the government's suggestion that there's far more than just dizziness at issue here, talking about severe hearing problems, comprehension problems, confusion, memory, a whole host of cognitive deficiencies that prevented a petitioner from obtaining vital information bearing on his claim. And just one other point on the diligence inquiry, to repeat what I said earlier, it must be informed by the petitioner's case-specific circumstances. The government on one hand says the petitioner wasn't diligent, but on the other hand says he was too diligent because that shows he wasn't mentally incompetent. But again, the diligence has to be assessed within the framework of the mental incompetence. So I'll pause there and stop there. Thank you, counsel. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court. The next case, Manassian v. Garland, has been submitted on the briefs. The next case on calendar for argument is Boulware v. Commissioner of Internal Revenue.
judges: Schroeder, Rawlinson, Bade